**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

**December 1, 2017**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: **C.W., R.W., N.W., and H.W.**

**No. 17-0710** (Randolph County 2016-JA-076, 2016-JA-077, 2016-JA-078, & 2016-JA-081)

**MEMORANDUM DECISION**

Petitioner Father R.W., by counsel Melissa T. Roman, appeals the Circuit Court of Randolph County's July 18, 2017, order terminating his parental rights to C.W., R.W., N.W., and H.W.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), G. Phillip Davis, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his motion for a post-adjudicatory improvement period and denying him post-termination visitation with the children.[2]

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]In his brief on appeal, petitioner's first assignment of error is set forth as follows: "The Circuit Court Erred By Denying Petitioner's Motion For Post Adjudicatory Improvement Period And Terminating His Parental Rights, Erroneously Finding That The Issues Of Abuse And Neglect Were Not Correctable And Despite The Fact That R.W. Had Taken Steps On His Own To Correct These Deficiencies." However, in the section of the brief setting forth petitioner's argument in support of this assignment of error, he raises no argument that the circuit court erred in terminating his parental rights. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that

> [t]he brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on . . . [and] must contain appropriate and specific citations to the record on appeal[.] The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

Additionally, in an Administrative Order entered December 10, 2012, Re: Filings That Do Not Comply With the Rules of Appellate Procedure, then-Chief Justice Menis E. Ketchum specifically noted in paragraph two that "[b]riefs that lack citation of authority [or] fail to

(continued . . . )

1

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2016, the DHHR filed an abuse and neglect petition against the parents that alleged they were homeless after losing their rented residence due to failure to pay rent and damage to the home. According to the petition, due to the parents' homelessness, they sometimes left the children with unsafe individuals they barely knew. The petition also alleged that the parents' drug abuse affected their ability to provide the children with a stable home, food, clothing, and other necessities.

In November of 2016, the circuit court held an adjudicatory hearing during which it found that the DHHR failed to meet its burden in establishing the parents' abuse by way of substance abuse. However, the circuit court found sufficient evidence upon which to adjudicate the parents for failing to provide the children with appropriate shelter, food, and clothing.

In February of 2017, the DHHR filed an amended petition following one child's disclosure that she witnessed the parents abuse drugs, including smoking marijuana and snorting pills. The amended petition also included an allegation that the parents evaded court-ordered drug screens. In April of 2017, the circuit court held an adjudicatory hearing on the amended petition and found that the evidence established that the parents' substance abuse impaired their parenting abilities. Thereafter, the parents moved for post-adjudicatory improvement periods.

In June of 2017, the circuit court held a dispositional hearing, during which it heard evidence that petitioner evaded drug screens, tested positive for methamphetamine and marijuana when he did screen, and was dishonest with service providers. Additionally, two service providers testified that neither parent admitted to any parenting deficiencies or substance abuse issues. Moreover, a Child Protective Services ("CPS") worker testified to the parents' involvement in a 2009 abuse and neglect proceeding and services rendered over several years during CPS intervention subsequent to multiple investigations. According to this worker, the

structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules. Here, petitioner's brief in regard to his assignment of error is inadequate, insomuch as it relates to the allegation that termination was in error, as it fails to comply with West Virginia Rule of Appellate Procedure 10(c)(7) and our December 10, 2012, administrative order. Accordingly, the Court will address only the allegation that the circuit court erred in denying petitioner's motion for a post-adjudicatory improvement period.

parents were adjudicated upon issues of substance abuse in the 2009 proceedings, which included their inability to properly provide suitable housing for the children. Finally, a service provider and foster parents testified to the children's concerning behaviors following visits with the parents. Ultimately, the circuit court found that the parents' failure to acknowledge the conditions of abuse and neglect and their inability to correct them, despite years of services, established that they were not entitled to improvement periods. The circuit court also found that there was no reasonable likelihood the parents could substantially correct the conditions of abuse and neglect and that termination of their parental rights was in the children's best interest. Accordingly, the circuit court terminated petitioner's parental rights to the children and denied him post-termination visitation.[3] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

According to petitioner, the circuit court erred in denying his request for a post-adjudicatory improvement period because the testimony established he would successfully complete the same. Specifically, petitioner cites to testimony from multiple witnesses that showed he had a strong bond with the children and that he could correct the conditions of abuse and neglect in the home. Further, petitioner testified that, at the time of the dispositional hearing, he was employed, took steps to apply for housing assistance, and took responsibility for his substance abuse and parenting deficiencies. The Court, however, does not find these arguments persuasive.

---

[3]The parents' parental rights to the children were terminated below. According to the DHHR, C.W., R.W., and N.W. are placed in foster care with a permanency plan of adoption by their foster parents, while H.W. has been placed in the care of his non-abusing mother.

Contrary to petitioner's assertions, the circuit court specifically found that "[t]he testimony provided is that the parents have been, at best, inconsistent in visitation." This included a lack of visitation from August of 2016 until December of 2016, at which point continued problems arose when visitation did occur, including issues with the parents' inability to follow the rules set for visits. Moreover, the circuit court specifically found that "[t]here has been no acknowledgement of any problem by the [parents] in this case." While the circuit court did note that petitioner, "for the first time, . . . testified today that he has a substance abuse problem," it went on to find that petitioner had not "made any efforts to seek out substance abuse treatment during the pendency of this action." Further, the circuit court found that petitioner failed to acknowledge his substance abuse issues even as he repeatedly tested positive for drugs.

In order to obtain a post-adjudicatory improvement period, West Virginia Code § 49-4-610(2)(B) requires the parent to "demonstrate[], by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period[.]" While it is true that petitioner testified to his willingness to participate in the terms and conditions of a post-adjudicatory improvement period, the overwhelming evidence supported the circuit court's finding that petitioner failed to satisfy the necessary burden. This is especially true in light of petitioner's failure to fully acknowledge the conditions of abuse and neglect in the home. We have held that

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)).

In addressing improvement periods, we have held that the decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re: M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015) (holding that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period"); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) (holding that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements"). We have also held that a parent's "entitlement to an improvement period is conditioned upon the ability of the [parent] to demonstrate 'by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period . . . .'" *In re: Charity H.*, 215 W.Va. 208, 215, 599 S.E.2d 631, 638 (2004). Because the evidence below showed that petitioner failed to comply with the services offered and failed to fully acknowledge the conditions of abuse and neglect in the home, we find no abuse of discretion in the circuit court's denial of petitioner's motion for a post-adjudicatory improvement period.

Finally, petitioner argues that the circuit court erred in denying him post-termination visitation with the children because the record showed that he has a "loving and caring bond" with the children. He also alleges that the record does not indicate why supervised visitation

would be detrimental to the children's best interests. We do not agree. Contrary to petitioner's argument on appeal, three different witnesses testified to the detrimental effects of visitation on several of the children. According to these witnesses, following visits, several children displayed concerning behaviors, including defecating in their clothing, aggressive behavior, bullying of other children, and sexualized behaviors. According to the witnesses, these actions occurred very shortly after multiple visits with the parents. Based upon this evidence, the circuit found that post-termination visitation was not in the children's best interests.

In discussing post-termination visitation, we have held as follows:

> "When parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest." Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995).

Syl. Pt. 11, *In re Daniel D.*, 211 W.Va. 79, 562 S.E.2d 147 (2002). Based on the evidence set forth above, it is clear that continued visitation with petitioner would not be in the children's best interests. As such, we find that the circuit court's denial of post-termination visitation was appropriate.

For the foregoing reasons, we find no error in the decision of the circuit court, and its July 18, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**: December 1, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

5